1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,                Case No.  6:25-po-00107-HBK-1

12              v.                             ORDER DENYING DEFENDANT'S
                                               REQUEST FOR REMOTE APPEARANCE
13    ROBERT T. WORTHLEY,
                                               (Doc. No. 10)
14              Defendant.

15

16

17         Pending before the Court is Defendant's request for a remote appearance emailed to the

18   Court on May 7, 2025.  (Doc. No. 10).  Defendant seek to appear remotely for his initial

19   appearance scheduled for May 13, 2025 at 1:00 p.m. on his two mandatory violation notices.

20         On September 8, 2024, Defendant was issued two mandatory citations:  Violation No.

21   E2138155, for allegedly violating 36 CFR §2.34(a)(1), disorderly conduct, fighting, threatening

22   or violent behavior, and Violation No. E2138156, for allegedly violating 36 CFR §2.35(c), under

23   the influence of alcohol or a controlled substance within the park.  (Doc. Nos. 1, 3).  Defendant

24   previously requested and was granted two continuances for his initial appearance and

25   arraignment.  Specifically, on February 27, 2025 the Court continued defendant's initial

26   appearance scheduled for March 4, 2025 to April 1, 2025 due to defendant claiming he received

27   notice of court date late and had a conflict with work schedule.  (Doc. No. 6).  Again, on March

28   31, 2025, the Court continued defendant's initial appearance from April 1, 2025 to May 13, 2025

due to Plaintiff's illness (Doc. No. 8).  Thus, defendant has known since March 31, 2025 that he was required to appear before this Court on May 13, 2025.

On a defendant's consent, video conferencing may be used to conduct initial appearances, arraignments, pleas, trials and sentencing for misdemeanor offenses.  Fed. R. Crim. P. 10(c); 43(b)(2).[1]  This Court, within its discretion, has a preference to forego the use of video teleconferences for criminal proceedings because criminal proceedings require a certain solemnity, and the physical presence of all parties contributes to the fairness, integrity, and public function of the proceeding.  *United States v. Ramos-Gonzales*, 857 F.3d 727, 732 n. 6 (5th Cir. 2017).  And due to its location, this Court regularly experiences technological issues with remote appearances.  ***Further, to the extent the Court finds sufficient circumstances to warrant a remote appearance, the Court generally requires the defendant to appear remotely for an initial appearance from the closest federal court, not from a defendant's home, place of business, or elsewhere.***  Here, defendant provides no reason why a video request is necessary (*See* Doc. No. 10 stating only he is requesting a video appearance without any further explanation).

Accordingly, it is **ORDERED**:

Defendant's request to appear via video conference for his May 13, 2025 continued initial appearance (Doc. No. 10) is DENIED.

Dated:    May 12, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] General Order No. 662, which authorized the use of videoconference technology in certain criminal proceedings under the Coronavirus Aid, Relief, and Economic Security (CARES) Act, has expired.

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28